## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL LAMAR GILLESPIE,<br>    Plaintiff | :<br>:  Civil No. 3:15-cv-1973<br>: |
| v. | :<br>:  (Judge Mariani)<br>: |
| JOHN WETZEL, et al.,<br>    Defendants | :<br>: |

FILED
SCRANTON
DEC - 8 2015
PER /s/
DEPUTY CLERK

### MEMORANDUM

Plaintiff, Nathaniel Lamar Gillespie, an inmate currently confined at the Greene State Correctional Institution in Waynesburg, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 7). Preliminary review of the complaint reveals that Plaintiff includes unrelated claims against several individuals at different facilities. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

### I.   Applicable Rules of Pleading

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;

and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

## II.   Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. The complaint names twenty-three (23) Defendants at four (4) different state correctional institutions. Named as Defendants are John Wetzel, Robin Lewis, Shirley Moore-Smeal, and Michael Bell, employees at the Camp Hill State Correctional Institution. (Doc. 1, p. 2). Also named as Defendants are the Superintendent and Grievance Coordinator at the Dallas State Correctional Institution. (*Id.* at p. 3). Additionally, Plaintiff names the following Defendants employed by the Rockview State Correctional Institution: Stephen Gunt, Deputy Gorman, Deputy Tice, Captain Probst, Lieutenant Hoover, Lieutenant Vance, Lieutenant Smith, S. Ellenberger, Sergeant Rhea, two (2) unknown sergeants, Correctional Officer Barner, Correctional Officer Wyokoff, Correctional Officer Shipes, Correctional Officer Miller Jr., M. Rackovan, unknown first shift male nurse, and M. Paya. (*Id.* at pp. 11-12).

Plaintiff initially alleges that money was illegally deducted from his prison inmate account. (*Id.* at p. 13). Next, Plaintiff expresses dissatisfaction with two (2) separate hearings held before a hearing examiner in June and October, 2014. (*Id.*). Plaintiff fails to indicate where these alleged violations occurred, and fails to name any Defendants involved in the alleged violation of his rights. Notably, there are no references to any of the named Defendants in the allegations of the complaint.

Upon review, the complaint includes unrelated claims which allegedly arose over the course of two (2) years. Additionally, the claims involve different individuals and do not arise out of the same transaction or occurrence, or series of transactions or occurrences. While Plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include separate, independent claims, would circumvent the filing fee requirements of the PLRA.

### III.   Conclusion

Although Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint. To the extent that he believes that he has been subjected to more than one violation of his rights, as previously explained, (see p. 3), Plaintiff's claims involve different individuals and do not arise out of the same transaction or occurrence, or series of transactions or occurrences. Therefore, as to these unrelated and separate alleged violations, Plaintiff should file separate complaints addressing each violation.

An appropriate order will issue.

Date:  December 8, 2015

Robert D. Mariani
United States District Judge